IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR281 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| CAROLYN M. GREEN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 21) issued by Magistrate Judge Thomas D. Thalken recommending that the motion to suppress filed by the Defendant, Carolyn M. Green, (Filing No. 11) be denied. The Defendant filed a statement of objection to the Report and Recommendation and supporting brief (Filing Nos. 24 and 25) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Green is charged in a one-count Indictment with being a felon in possession of a firearm. She seeks an order suppressing evidence and statements obtained as a result of the May 10, 2007, search of her vehicle.

Following an evidentiary hearing, Judge Thalken issued a Report and Recommendation in which he concluded that Omaha Police Officer Darren Cunningham and other officers who later arrived at the scene had probable cause to stop Green's vehicle and to search it. Judge Thalken based his conclusion on Officer Cunningham's observation of a fracas in the street, statements made to the officer from by-standers near the fracas that there was a gun in the car, the swift departure of the Defendant's car from the area where the fracas occurred, and the Defendant's failure to stop at a stop sign. Judge Thalken concluded that even after the officers who searched the vehicle found no

gun in plain sight, it was a lawful extension of the *Terry* investigation, upon receiving an anonymous tip that the gun was in the dashboard, to return to the vehicle and re-search the dashboard area.

On the basis of these findings and conclusions, Judge Thalken recommended that the Defendant's motion to suppress be denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Thalken provided a full account supported by citation to the record of the officer's testimony regarding his observations preceding the traffic stop, the reason for the traffic stop, and the search of Green's vehicle that followed the stop. The Court has considered the transcript of the hearing conducted by Judge Thalken (Filing No. 20). Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Thalken's factual findings in their entirety.

## ANALYSIS

The Defendant specifically objects to Judge Thalken's conclusion that probable cause existed for the search, relying primarily upon the case law that holds that an unidentified tipster's information is not sufficient to support a finding of probable cause,

citing *Florida v. J.L.*, 120 S. Ct 1375 (2000). If the officer had knowledge only of the anonymous tipster's information at the time he conducted the search, then I might be persuaded by Green's argument. But the anonymous tip was only part of the information that the officers had available.

At the time the stop was made and the search was commenced, the officer had knowledge based on his own observations that, on Himebaugh Street between 24th and 25th Streets, which is located in the Omaha Police Department's Northeast Precinct, two males were "involved in a verbal altercation" with another male. The officer knew that, as his patrol car approached the scene, the third male entered Green's vehicle and sat in the front passenger seat; that Green's vehicle drove away abruptly as the patrol car approached; that from a group of seven or eight by-standers who had observed the men involved in the conflict, that at least one by-stander shouted out to the officer as he drove by that someone in Green's vehicle had a gun; that he followed Green's car a few blocks without losing sight of it, and that Green violated a traffic law by going through a stop sign without stopping.

The Court finds that the officer had facts sufficient to support a finding of reasonable suspicion to make a felony stop and conduct a vehicle search, consistent with *Terry v. Ohio,* 392 U.S. 1 (1968).

> Under *Terry* and its progeny, "[a]n investigatory stop is permissible under the Fourth Amendment if supported by reasonable suspicion." *Ornelas v. United States*, 517 U.S. 690, 693, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); *see also United States v. Sharpe,* 470 U.S. 675, 682, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985) (applying *Terry* to investigatory stop of vehicle); *United States v. Bell*, 183 F.3d 746, 749 (8th Cir. 1999) ("An investigative stop does not violate the Fourth Amendment if the police have reasonable suspicion that the vehicle

> or its occupants are involved in criminal activity.") If the investigatory stop is not justified by reasonable suspicion or if the investigating officers exceed the stop's proper scope, any evidence derived from the stop is inadmissible at trial. *See, e.g., Wong Sun v. United States*, 371 U.S. 471, 484, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *United States v. Ramos*, 42 F.3d 1160, 1164 (8th Cir. 1994).

*United States v. Wheat*, 278 F.3d 722, 726 (8th Cir. 2001).

However, that does not address fully the Defendant's objection. The Defendant argues that even if the Court finds reasonable suspicion existed under *Terry* to justify the stop and the vehicle search, that after the officers' initial search did not yield a firearm, there was no legal justification for the search to be extended. Green argues that the officers could not lawfully recommence the search based on an anonymous 911 tip that the gun could be found in the dashboard. If that anonymous were considered in a vacuum, then the anonymous tip, alone, probably would be insufficient to support a finding of probable cause. However, the Court finds that it was reasonable and lawful for the officers to act on this particular tip regarding the location of the gun, given "unique predictive details" that "provide[d] a level of corroboration," including 1) that the anonymous tip was communicated via 911 dispatch contemporaneous with the traffic stop and following in close sequence after the fracas, abrupt exit of the Green vehicle, and by-stander warnings of a gun in the vehicle, and 2) that the search recommenced within a few minutes of the conclusion of the initial search – as Judge Thalken fairly described it "an extension of the *Terry* investigation and for officer safety" – all this during the time when the defendant and her passenger were still having their biographical information checked by the officers based on the traffic violation. *See Alabama v. White*, 110 S. Ct. 2412 (1990).

The 911 tip was one piece of information, which, when considered with all the circumstances including those identified in the paragraph above, demonstrate the existence of probable cause sufficient to justify the continuation of the search.

"[P]robable cause [is assessed] from the viewpoint of a reasonably prudent police officer, acting in the circumstances of the particular case. . . .[P]robable cause is a practical, factual, and nontechnical concept, dealing with probabilities." *United States v. Anderson*, 339 F.3d 720, 723 (8th Cir. 2003)(quoting *United States v. Crossland,* 301 F.3d 907, 911 (8th Cir. 2002).

Having reviewed the matter de novo, the Court agrees with Judge Thalken that the officers had probable cause to search Green's vehicle.

## CONCLUSION

Because Judge Thalken fully, carefully, and correctly applied the law to the facts, the Court adopts the Report and Recommendation in its entirety.

IT IS ORDERED:

1. The Defendant's Objections to the Report and Recommendation (Filing No. 24) are denied;

2. The Magistrate Judge's Report and Recommendation (Filing No. 21) is adopted in its entirety; and

2. The Defendant's motion to suppress (Filing No. 11) is denied.

DATED this 23rd day of January, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge